UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
++++++++++++++++++++++++++++++++++++++++++++++++++

LAMAR ADVERTISING OF PENN, LLC,

                **PLAINTIFF,**

       **-V-**                                        **5:05-CV-0375**

**JOHN PITMAN, MAYOR, THE VILLAGE OF
MARATHON, THE VILLAGE OF MARATHON
ZONING BOARD OF APPEALS, THE VILLAGE
OF MARATHON PLANNING BOARD, DEREK
RAIMO, CODE ENFORCEMENT OFFICER, AND
ATLANTIC-INLAND, INC.,**

                **DEFENDANTS**.

++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

Harry V. Armani & Associates, LLC
Harry V. Armani, Jr., Esq., of Counsel
2700 Bellevue Avenue
Syracuse New York 13219
Attorneys for Plaintiff

Lippman O'Connor
Gerard E. O'Connor, Esq., of Counsel
300 Olympic Towers
300 Pearl Street
Buffalo, New York 14202
Attorneys for Defendants

Hon. Norman A. Mordue, D.J.:

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

     Presently before the Court are two motions. Defendants move (Dkt. No. 7) to dismiss the complaint on the grounds of collateral estoppel and failure to state a claim. Plaintiff cross-moves (Dkt. No. 10) for leave to serve an amended complaint and for summary judgment.

**BACKGROUND**

Plaintiff Lamar Advertising of Penn, LLC ("Lamar"), a company engaged in outdoor advertising, sought a building permit to remove an existing billboard on property it leased in the Village of Marathon ("Village") and to install a new billboard for purposes of off-premises advertising. The Village Code Enforcement Officer, defendant Derek Raimo, granted the building permit on June 28, 2002.

Lamar removed the old sign and began work on the new sign. On April 1, 2003, defendant John Pitman, Mayor of the Village, executed a stop work order. By letter of April 10, 2003, the Village attorney advised Lamar that the sign "exceeds the permitted height for a sign in the Village" and that "the apparent face of the sign exceeds the square footage permitted for a sign in the Village[.]"

Lamar commenced a state court proceeding pursuant to Article 78 of New York's Civil Practice Law and Rules seeking a vacatur of the stop work order and a declaration that the building permit was valid. On August 27, 2003, Hon. Phillip R. Rumsey, Supreme Court, Cortland County, dismissed the proceeding, holding that Lamar had acquired no vested right in the building permit and that the proposed billboard clearly exceeded the Village ordinance restrictions governing height and sign face size. On plaintiff's appeal, the Appellate Division, Third Department, affirmed. *Matter of Lamar Advertising of Penn, LLC*, 780 N.Y.S. 2d 233 (3d Dep't 2004).

On December 8, 2003, Lamar applied to the Village Zoning Board of Appeals ("ZBA") for an area variance. On April 28, 2004, after two public hearings, the ZBA denied the application.

Lamar then brought a second Article 78 proceeding challenging on a number of grounds the denial of its application for an area variance. During the course of the proceeding the Village

acknowledged that it had not submitted Lamar's variance application to the Cortland County Planning Board as required by section 239-m of the New York's General Municipal Law. On September 14, 2004, Justice Rumsey held that this failure constituted "a jurisdictional defect invalidating the challenged determination" and annulled the denial of the variance without reaching other issues raised by Lamar. Justice Rumsey added:

> In light of the need for further Board action, one other matter warrants comment. In the court's view, the Board Chairman's statement [on April 19, 2004, during a public hearing on Lamar's application for an area variance] that Board members had gotten "a very good picture from the community," through conversations conducted with Village residents "in their living rooms" or "over coffee" is exceedingly troubling. If there is any possibility that any Board member actually based his or her decision to deny the variance on such "conversations" or on other evidence outside the record, the substance of which was not disclosed, allowing petitioner no opportunity to respond – and it appears, at this juncture, that this may in fact have occurred – that would also require annulment of the determination.

(Case citation and citation to Article 78 record omitted.)

Lamar appealed. In its memorandum decision, dated December 15, 2005, the Third Department affirmed, noting that Justice Rumsey had not reached the merits but rather had annulled the ZBA determination on jurisdictional grounds. *Matter of Lamar Advertising of Penn, LLC*, 805 N.Y.S. 2d 495 (3d Dep't 2005). The Third Department added:

> Supreme Court also noted that if there were any truth to the allegations that the ZBA improperly considered material outside of the record, this would be an alternative basis to annul the determination rendered. Accordingly, we encourage the ZBA to heed Supreme Court's caution.

*Id.* at 496, n.2 (citations omitted).

On March 24, 2005, while the second appeal was still pending before the Third Department, Lamar commenced the instant civil rights action alleging equal protection and free speech deprivations as well as a civil rights conspiracy. *See* 42 U.S.C. §§ 1983, 1985. In lieu of answering, defendants moved to dismiss the complaint on the grounds of collateral estoppel and

-3-

failure to state a claim upon which relief may be granted.  Lamar cross-moved for leave to serve an amended complaint and for summary judgment.  The amended complaint adds factual allegations, expands the existing causes of action, pleads new causes of action, and seeks judgment declaring the Village ordinance unconstitutional.

## DISCUSSION

Because defendants have not yet served a responsive pleading, Lamar is entitled to amend its complaint as a matter of course.[1]  *See* Fed. R. Civ. P. 15(a).  Accordingly, leave to serve and file the amended complaint is granted.  Although defendants' motion to dismiss was directed to Lamar's initial complaint, in their opposition to Lamar's motion for summary judgment, defendants address the new matters raised in the amended complaint.  Thus, no purpose would be served at this point by requiring further motion practice directed to the amended complaint.

In support of their motion to dismiss, defendants contend that Lamar's claims are barred by application of the doctrine of collateral estoppel.[2]  Upon review of the entire motion record, including the records of the two state court appeals, the Court finds that the instant action presents issues which were not "actually and necessarily decided" in the state court proceedings.  *See Colon v. Coughlin*, 58 F.3d 865, 869-70 (2d Cir. 1995).  The only constitutional issue touched upon in the first Article 78 proceeding and appeal was whether Lamar had a vested right in the permit.  Many of the events to which the complaint and amended complaint refer occurred

---

[1] In any event, even if Lamar were not entitled to amend the complaint as a matter of course, this Court in its discretion would grant leave to do so.  The record does not disclose undue delay, futility or any other basis to deny leave.

[2] To the extent that defendants' papers may be read to raise the issues of *res judicata* and/or the *Rooker-Feldman* doctrine as well, the Court notes that neither doctrine would warrant dismissal of the instant action.  *See generally Colon v. Coughlin*, 58 F.3d 865, 870, n.3 (2d Cir. 1995); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, __,125 S.Ct. 1517, 1521-22, 1527 (2005).

subsequent to the first Article 78 proceeding, during the course of the area variance application process. The second Article 78 proceeding and appeal were decided on a single procedural ground and expressly did not address the merits. Accordingly, defendants are not entitled to dismissal on the ground of collateral estoppel. The Court has considered the other grounds raised by defendants and finds that they do not warrant dismissal – either of the initial complaint or of the amended complaint – on the ground of failure to state a claim upon which relief may be granted.

The Court further finds that plaintiff has not established its entitlement to judgment as a matter of law. Summary judgment is denied.

## CONCLUSION

It is therefore

ORDERED that defendants' motion to dismiss the action (Docket No. 7) is denied; and it is further

ORDERED that plaintiff's cross-motion (Docket No. 10) is granted insofar as it seeks leave to serve and file the amended the complaint; plaintiff is directed to serve and file the amended pleading within ten days of this Memorandum-Decision and Order; and defendants are directed to plead in response thereto in accordance with Fed. R. Civ. P. 15(a); and it is further

ORDERED that plaintiff's cross-motion is otherwise denied.

IT IS SO ORDERED.

February 27, 2006
Syracuse, New York

Norman A. Mordue
U.S. District Judge